BYRNES, Judge.
This appeal arises out of a medical malpractice claim. The appeal is taken from a judgment maintaining the plaintiff’s Motion for Summary and/or Declaratory Judgment dismissing defendant/appellant, Dr. Francis T. Cazayoux, from a Medical Review Panel proceeding. We affirm.
Appellee herein, Mrs. Rubie B. Teal, received care and treatment from several physicians between January 14, 1986 and August 2, 1986 for problems apparently related to her second pregnancy. During that time she consulted with Drs. Charles A. Frazer, Berkeley S. Merrill and Dale M. Kristie. On July 23, 1986 Mrs. Teal met with the appellant, Dr. Francis T. Cazay-oux. At this initial meeting, Mrs. Teal and Dr. Cazayou entered into a valid arbitration agreement pursuant to La-R.S. 9:4230 et seq. Subsequent to the agreement, on October 30, 1986, Rubie and Edward Teal, appellees herein filed a Petition for Damages with the Commissioner of Insurance. Appellees named all of the above mentioned doctors as defendants including the appellant. A medical review panel was appointed; however, appellees subsequently filed a motion for Summary and/or Declaratory Judgment based on the existence of the arbitration agreement seeking the dismissal of Dr. Cazayou from the Review Panel proceeding. The District Court agreed with appellees and dismissed Dr. Cazayoux. This appeal followed.
La.R.S. 9:4231 states in pertinent part: “The decisions to enter into a medical or dental contract shall be voluntary on the part of the patient, and on the part of the medical or dental practitioner. If both parties voluntarily agree to enter such a contract, the following but not necessary or exclusive provisions of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.”
In the instant case, neither party is attempting to revoke the arbitration agreement. Both parties have stipulated to the validity of the contract. Appellant contends simply that the arbitration agreement does not preclude his right to participate in the review panel and to use those findings as evidence in the arbitration procedure. We disagree.
Appellant correctly distinguishes between the Medical Review Panel and binding arbitration by stating that the Medical Review Panel is a non-binding, pre-judicial review of the facts that can be used as evidence in an ordinary trial proceeding. Arbitration, on the other hand, is a method of resolving disputes chosen by the parties as a substitute for “established tribunals of justice”. Blacks Law Dictionary 96, Fifth Edition 1979. The very purpose of arbitration is to proceed outside the ordinary system while the Medical Review Panel is a tool to assist in the dispensing of justice within the framework of the judicial system. Therefore, where parties elect arbitration as a means of resolving their disputes they have elected to proceed completely outside the judicial system and should not be permitted to avail themselves of both arbitration and statutes designed to work within the system.
In evaluating the applicable statutes the trial court specifically stated, as follows:
“La.R.S. 9:4230 [et. seq.] and La.R.S. 40:1299.47 were passed by the legislature during the same session. A reading of the two statues in pari materia reveals that they were designed to present physicians with two options for pre-judicial review of medical malpractice claims. This is apparent from the express language of La.R.S. 40:1299.47(A)(1), which states in pertient part, as follows:
‘All malpractice claims against health care providers covered by this part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medi *1110 cal review panel established as hereinafter provided for in this Section.' (emphasis added)” ...
LSA-40:1299.47(A)(1) clearly and unambiguously states that all malpractice claims shall be heard by a medical review panel except for, those claims that have been “validly agreed for submission” to arbitration. Although this statute does not reference the arbitration statutes, LSA-R.S-9:4230 et. seq., by name, the intent of the legislature is clear. • In its reasons for judgment the trial court succinctly stated:
“The legislative scheme is clear, when the two articles are read together that the legislature never intended to give physicians the benefit of both medical review and arbitration. Once a physician chooses arbitration, he loses his right to select medical review.”
Thus, where as here, a physician drafts a valid arbitration agreement and executes the same with his patient, the parties to the agreement have chosen between arbitration and a more traditional means of judicial scrutiny. Therefore, neither the physician nor the patient may avail themselves of the benefits of both procedures.
Accordingly, the decision of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.